## GRAFTON.

---

### STRATTON v. STRATTON AND LADD.

Specific performance of an antenuptial agreement for the use of land may be enforced in favor of a husband against his wife.

An injunction may be an appropriate method of enforcing specific performance.

IN EQUITY. Substance of the bill: The plaintiff is the husband of the first defendant. Before and at the time of their marriage, in 1873, she had a mortgage of a farm, and, expecting to take the farm on the mortgage, she agreed with the plaintiff that if she should take the farm, and he would carry it on, she would contribute the products thereof to the support of his family and herself during their married life. She took an absolute deed of the farm, March 1, 1874; and she and the plaintiff and his three minor children (by a former marriage) moved upon the farm, and resided together there until Oct. 11, 1876, when she went away, without cause and against his wish, and she has not returned. From March 1, 1874, to Oct. 11, 1876, he cultivated and carried on the farm, and the products were applied according to the agreement. The plaintiff, relying upon the agreement, made extensive improvements on the farm at his own expense. April 15, 1877, in violation of the agreement, and for the purpose of depriving him of his rights, she conveyed the farm to the defendant Ladd, who had notice of the agreement: and Ladd has brought a suit against the plaintiff to recover the farm under the landlord and tenant

act. The prayer of the bill is for an injunction against the further prosecution of that suit, and for an injunction against Mrs. Stratton, to enable the plaintiff to occupy and carry on the farm in accordance with the agreement, or a decree for his damages if the agreement is not enforced, and for general relief. The defendants demurred.

*Carpenter* and *Batchellor*, for the defendants.

*Bingham & Mitchell*, for the plaintiff.

DOE, C. J. The disabilities and extensive suspension of legal personality, imposed upon married women by the ancient common law, are so far removed by statute, and by change of customs and conditions of society from which common law is largely derived, as to present no obstacle to the maintenance of this action by the plaintiff against his wife. *Clough* v. *Russell*, 55 N. H. 279. Her agreement was valid as a contract for a marriage settlement in his favor ; and her conveyance to Ladd was a fraud upon that settlement. Under the former law, the husband, acquiring by marriage great and immediate rights in his wife's property, was entitled to relief against her fraudulent antenuptial conveyance of property which she had represented herself to him to be possessed of. 1 Story Eq., *s*. 273. And for the purposes of this case, the legal capacities of the plaintiff and his wife being equal, her antenuptial promise, in consideration of marriage, is as binding as his, and equally enforceable by process of law. Specific performance of her agreement for the use of her land may be enforced to prevent a fraud being practised upon him by his wife's inducing him to expend his money in valuable improvements on the faith of her agreement, and then depriving him of the benefit of them, and securing them or the proceeds of them for herself. On this ground gifts of land are enforced, as well as contracts for the sale of land. Browne Stat. of Frauds, *s*. 491 *a*. It was not necessary that the plaintiff should take exclusive possession of the farm. He was not to dispossess her. It is enough, that, having such use of the farm, in pursuance of her agreement, as the agreement contemplated, he made substantial improvements, with her knowledge and assent, on the faith of the agreement. And for specific execution, the injunction asked by him against both defendants is an appropriate process.

*Demurrer overruled.*

BINGHAM and ALLEN, JJ., did not sit.